FILED
CLERK, U.S. DISTRICT COURT
2/15/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>HOVHANNES NAZARYAN,<br>  aka "Hovo,"<br>  aka "John," and<br>ARTUR NAZARYAN,<br><br>        Defendants. | CR   2:22-cr-00041-JAK<br><br><u>I N D I C T M E N T</u><br><br>[18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A.   <u>INTRODUCTORY ALLEGATIONS</u>

At times relevant to this Indictment:

1.   Defendants HOVHANNES NAZARYAN, also known as ("aka") "Hovo," aka "John" ("H. NAZARYAN") and ARTUR NAZARYAN ("A. NAZARYAN") were residents of Los Angeles County, California.

2. Bank of the West ("BOTW") and Capital One Bank (USA), N.A. ("Capital One") were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

3. A "bust out" was a fraudulent scheme perpetrated against credit card issuers that operated as follows: The perpetrator would obtain a credit card account in the name of another person, intending to incur charges and receive advances that the perpetrator would not pay in full and to avoid accountability because the account had been opened in a third party's name. Initially, the perpetrator would make on-time payments on charges incurred in order to maintain and/or increase the credit limit on the account. The perpetrator would then incur charges up to or near the authorized limit without any intention or paying the charges incurred. Instead, the perpetrator would submit an insufficient funds check or other fraudulent payment to the credit card issuer, knowing that the posting of the purported payment would facilitate the perpetrator's ability to incur further charges and obtain advances. The perpetrator would then incur additional charges, again up to or near the credit limit, before the credit card issuer discovered that the posted payment was fraudulent. The perpetrator would not pay the balance owed on the account, leaving the third-party accountholder accountable instead of the perpetrator.

B. OBJECT OF THE CONSPIRACY

4. Beginning no later than in or around May 2013, and continuing through at least in or around December 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendants H. NAZARYAN and A. NAZARYAN conspired with one another and with others known and unknown to the Grand Jury to commit

bank fraud, in violation of Title 18, United States Code, Section 1344(2), which conspiracy affected federally-insured financial institutions.

C. THE MANNER AND MEANS OF THE CONSPIRACY

5. The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

    a. Defendants H. NAZARYAN and A. NAZARYAN, together with others known and unknown to the Grand Jury, would obtain and possess names, dates of birth, social security numbers, and other personal identifying information belonging to real people.

    b. Defendants H. NAZARYAN and A. NAZARYAN would obtain and use a bank account at BOTW ending in 3433, which was held in the name of an altered version of a real person's name (the "fraudulent BOTW bank account"). In doing so, defendants H. NAZARYAN and A. NAZARYAN would falsely represent to BOTW that they were the account holder.

    c. Defendants H. NAZARYAN and A. NAZARYAN would obtain and use credit card accounts issued by Capital One ("fraudulent credit card accounts"). In doing so, defendants H. NAZARYAN and A. NAZARYAN would falsely represent, promise, and maintain the pretense that they intended to make payments to the issuing financial institution for the charges incurred on the fraudulent credit card accounts.

    d. In furtherance of their scheme to bust out the accounts, defendants H. NAZARYAN and A. NAZARYAN would obtain cash advances from the fraudulent credit card accounts, including as follows:

           i.    Defendant H. NAZARYAN would use the Capital One credit cards connected to the fraudulent credit card accounts to withdraw cash at BOTW. In doing so, defendant H. NAZARYAN would falsely represent and maintain the pretense to Capital One and BOTW that he was the account holder and an authorized user of the fraudulent credit card accounts.

           ii.   Defendant A. NAZARYAN would use the fraudulent credit card accounts to obtain cash advance checks from Capital One made out to the account holder. In doing so, defendant A. NAZARYAN would falsely represent, promise, and maintain the pretense to Capital One that he was the person named on the checks, namely, the Capital One credit card account holder, and that he would pay the balance accrued on the credit cards, including the cash advances.

           iii. After fraudulently obtaining the cash advance checks from Capital One, defendant A. NAZARYAN would deposit the checks into the fraudulent BOTW bank account. In doing so, defendant A. NAZARYAN would falsely represent and maintain the pretense to BOTW that he was an authorized user of the fraudulent BOTW bank account. Once the cash advance checks were deposited, defendants H. NAZARYAN and A. NAZARYAN would withdraw the proceeds of the cash advance checks from the fraudulent BOTW bank account. In doing so, defendants H. NAZARYAN and A. NAZARYAN would falsely represent to BOTW that they were authorized users of the fraudulent BOTW bank account.

        e.    After using the fraudulent credit card accounts to obtain cash advances and other goods and services, defendants A. NAZARYAN and H. NAZARYAN would submit and cause to be submitted a fraudulent payment or multiple fraudulent payments to Capital One in

4

order to purportedly pay down the balances on the cards.  After Capital One posted the fraudulent payments to the fraudulent credit card accounts – and thus, restored the credit lines – but before Capital One discovered that the payments were fraudulent, defendants H. NAZARYAN and A. NAZARYAN would make, and cause others to make, additional charges to the fraudulent credit card accounts, in amounts near, at, or exceeding the maximum credit limits for such accounts.

    f. Defendants H. NAZARYAN and A. NAZARYAN would stop making payments on the fraudulent credit card accounts.

D. OVERT ACTS

  6. On or about the following dates, in furtherance of the conspiracy, and to accomplish the object of the conspiracy, defendants H. NAZARYAN and A. NAZARYAN, and others known and unknown to the Grand Jury, committed and caused to be committed various overt acts, within the Central District of California, and elsewhere, including, but not limited to, the following:

  Overt Act No. 1: On January 21, 2015, defendant H. NAZARYAN fraudulently used a Capital One credit card issued in the name of another and ending in 1661 ("Capital One 1661 card") to obtain a $5,000 cash advance at BOTW in Burbank, California.

  Overt Act No. 2: On January 21, 2015, defendant H. NAZARYAN fraudulently used a Capital One credit card issued in the name of another and ending in 6091 ("Capital One 6091 card") to obtain a $5,000 cash advance at BOTW in Burbank, California.

  Overt Act No. 3: On January 22, 2015, defendant H. NAZARYAN fraudulently used the Capital One 6091 card to obtain a $4,500 cash advance at BOTW in Burbank, California.

Overt Act No. 4:  On January 23, 2015, defendant H. NAZARYAN fraudulently used the Capital One 1661 card to obtain a $2,500 cash advance at BOTW in Burbank, California.

Overt Act No. 5:  On February 24, 2015, defendant H. NAZARYAN deposited $100 into the fraudulent BOTW bank account at BOTW in Burbank, California.

Overt Act No. 6:  On February 26, 2015, defendant A. NAZARYAN deposited a cash advance check drawn against the Capital One 1661 card and in the amount of $10,000, into the fraudulent BOTW bank account at BOTW in Burbank, California.

Overt Act No. 7:  On February 26, 2015, defendant A. NAZARYAN deposited a cash advance check drawn against the Capital One 6091 card and in the amount of $10,000, into the fraudulent BOTW bank account at BOTW in Burbank, California.

Overt Act No. 8:  On February 27, 2015, defendant H. NAZARYAN withdrew $10,000 in cash from the fraudulent BOTW bank account at BOTW in Burbank, California.

Overt Act No. 9:  On March 4, 2015, defendant A. NAZARYAN withdrew $10,000 in cash from the fraudulent BOTW bank account at BOTW in Burbank, California.

Overt Act No. 10:  On April 14, 2016, in Sun Valley, Newhall, and Glendale, California, defendants H. NAZARYAN and A. NAZARYAN possessed hundreds of credit cards, identification documents, and other documents containing personal identifying information, in names other than their own, including personal documents belonging to the individual in whose name the Capital One 6091 and 1661 cards were opened, as well as a copy of a forged driver's license bearing the

same individual's birthdate and an altered version of her name used to open the fraudulent BOTW bank account.

COUNTS TWO THROUGH NINE

[18 U.S.C. §§ 1344(2), 2(a), 2(b)]

7. The Grand Jury realleges paragraphs 1-3 and 5 of this Indictment here.

A. THE SCHEME TO DEFRAUD

8. Beginning no later than in or around May 2013, and continuing through at least in or around December 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendants H. NAZARYAN and A. NAZARYAN, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of federally-insured financial institutions, including BOTW and Capital One, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

9. The fraudulent scheme operated and was carried out, in substance, as set forth in paragraph 5 of this Indictment.

B. EXECUTIONS OF THE FRAUDULENT SCHEME

10. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants H. NAZARYAN and A. NAZARYAN, together with others known and unknown to the Grand Jury, each aiding and abetting the other, committed, willfully caused others to commit, the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DEFENDANT | DATE | ACT |
|---|---|---|---|
| TWO | H. NAZARYAN | 01/21/2015 | Use of the Capital One 1661 card to obtain a cash advance in the amount of $5,000 at a BOTW branch in Burbank, California. |
| THREE | H. NAZARYAN | 01/21/2015 | Use of the Capital One 6091 card to obtain a cash advance in the amount of $5,000 at a BOTW branch in Burbank, California. |
| FOUR | H. NAZARYAN | 01/22/2015 | Use of the Capital One 6091 card to obtain a cash advance in the amount of $4,500 at a BOTW branch in Burbank, California. |
| FIVE | H. NAZARYAN | 01/23/2015 | Use of the Capital One 1661 card to obtain a cash advance in the amount of $2,500 at a BOTW branch in Burbank, California. |
| SIX | A. NAZARYAN | 02/26/2015 | Deposit of check 1639 issued by Capital One in the amount $10,000 into the fraudulent BOTW account in Burbank, California. |
| SEVEN | A. NAZARYAN | 02/26/2015 | Deposit of check 1659 issued by Capital One in the amount $10,000 into the fraudulent BOTW account in Burbank, California. |
| EIGHT | H. NAZARYAN | 02/27/2015 | Withdrawal of $10,000 in cash from the fraudulent BOTW account in Burbank, California. |
| NINE | A. NAZARYAN | 03/04/2015 | Withdrawal of $10,000 in cash from the fraudulent BOTW account in Burbank, California. |

FORFEITURE ALLEGATION
[18 U.S.C. § 982; 28 U.S.C. § 2461(c)]

11. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Nine of this Indictment.

12. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

13. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has

//
//
//

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

POONAM G. KUMAR
Assistant United States Attorney
Deputy Chief, Major Frauds Section

DAVID H. CHAO
Assistant United States Attorney
Major Frauds Section